IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HARVEY WILLIAM HUGUNIN<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>SOCIAL SECURITY SURVIVOR TRUST<br>FUND,<br>    Defendant. | Case No. 1:19-CV-462-BLW<br><br>**AMENDED MEMORANDUM**<br>**DECISION**<br>**AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff's application to proceed without payment of fees. For the reasons explained below, the Court will deny the application and dismiss this case.

## ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim

for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, plaintiff claims he was abducted at birth and raised by a couple who were not his biological parents. He alleges they failed to feed him for 6 months while he was an infant and basically kept him as a prisoner in their home. He argues that he should have been placed in foster care as an orphan.

Based on this story, plaintiff claims that he should have received Social Security Survivor Benefits as an orphan from the time he was born – August 6, 1953 – to his 18th birthday on August 6, 1971. In this lawsuit against the Government and the Social Security Survivor Trust Fund, he asks for a monetary recovery equal to what he should have received as an orphan.

The plaintiff must exhaust his administrative remedies pursuant to 42 U.S.C. § 405(h) before bringing this lawsuit. *See Weinberger v. Salfi,* 422 U.S. 749, 757 (1975) (administrative exhaustion required in action for survivor's benefits under Social Security Act). Because the plaintiff has not exhausted those remedies, the Court is without jurisdiction to hear the matter and it must be dismissed. No amendment would cure the

failure to exhaust administrative remedies.

The Court will therefore order the action dismissed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that that this action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), without leave to amend.

IT IS FURTHER ORDERED, that the Petition to Proceed in Forma Pauperis (docket no. 1) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: December 16, 2019

B. Lynn Winmill
U.S. District Court Judge